## D. W. Sanders, etc., v. Merchants' Bank.

**Bills and Notes—Bill of Exchange—Enforcement of Obligation.**

A bank has the right to look to the parties to a bill of exchange for payment, and can coerce it out of an indorser in preference to the examiner or drawer if it desires to do so.

APPEAL FROM JEFFERSON CIRCUIT COURT.

September 20, 1873.

Opinion by Judge Pryor:

We are satisfied the act incorporating the Kentucky Savings Bank, now the Merchants Bank, invested that institution with the power to transact ordinary banking business, such as buying and selling exchange, discounting notes, etc. By the third section of the act approved January 16, 1864 (Myer's Supplement 354), the statement by the notary in his protest is made *prima facie* evidence that such notices were given or sent as therein stated by the notary. The bill and protest filed with the petition was shown the notary and he says he presented it to the teller of the Bank of Kentucky in Louisville for payment and it was refused, and that he delivered notice of protest to Sanders' wife on the 20th of September, 1871, the day the note matured, at his, Sanders', residence in Louisville. Notice seems to have been given and forwarded to all the parties upon the paper and the notary in his deposition identified the bill, protest, and statement of notice made. If the statement of the witness is to be taken without reference to the paper before him evidencing what had been done by him, there might be some question as to the sufficiency of the proof of protest, but the statement of the witness, connected with the protest itself, leaves no room for argument on the ques-

tion. Nor can we perceive how the fact of the appellant being a mere accommodation endorser on the paper can affect his liability to the bank. The bank had the right to look to all the parties to the bill for payment, and can coerce it out of the endorser in preference to the acceptor or drawer for whose accommodation it was endorsed, if it sees proper. It may be a hardship on the endorser to be compelled to pay it under the circumstances in this case, as the testimony indicates that he assumed the liability for the benefit of and at the instance of those who were interested in getting the money and should pay it, but as to the bank, the money was loaned upon the credit of all the names on the paper and each one of the parties is liable therefor. Judgment *affirmed.*

*Muir & Bijou, for appellants.*

*Barret & Roberts, for appellee.*